IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

```
RASHID JAMON DRAYTON,        *
                             *
     Plaintiff,              *
                             *
     v.                      *     CV 420-282
                             *
JOHN WILCHER and DETECTIVE   *
MCCOLLUNIN,                  *
                             *
     Defendants.             *
```

**O R D E R**

Plaintiff filed this lawsuit while housed at the Chatham County Detention Center. (Compl., Doc. No. 1, at 3.) Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought under 42 U.S.C. § 1983. (Doc. No. 4 (granting IFP status).) Because he is proceeding IFP, Plaintiff's pleadings must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (per curiam); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (per curiam); 28 U.S.C. § 1915A. A *pro se* litigant's pleadings are held to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but the Court may dismiss the Complaint or any portion thereof if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). For the

following reasons, Plaintiff's claims are dismissed without prejudice.

## I.   BACKGROUND

Detective McCollunin arrested Plaintiff on May 29, 2020. (Compl., Doc. No. 1, at 6.) Plaintiff complains generally of the conditions at the Chatham County Detention Center as well as the delays in his court hearings. (Id.) At the time he wrote the Complaint, Plaintiff had been detained for six months without a hearing or indictment.[1] (Id.) He faced twenty-two-and-a-half hour lockdowns (apparently due to COVID prevention measures), a lack of hot meals, and no access to non-legal mail. (Id. at 6-10.) Plaintiff seeks to hold Sheriff John Wilcher liable for the conditions in the jail.

Plaintiff also writes about a "mix up" that occurred at the only court appearance he had. (Id. at 8.) Apparently, the District Attorney argued against Plaintiff's bond based on Plaintiff's brother's criminal history. (Id.) Plaintiff's brother is named Rashad Drayton, and he was present in the courtroom that day. (Id. at 9.) Although Rashad spoke up about the mistake, his brother Rashid was denied bond. (Id.) Plaintiff places the blame for this on Detective McCollunin, as had

---

[1] This is inconsistent with Plaintiff's later allegations regarding the "mix up" at a bond hearing.

2

McCollunin never arrested him, he would not be in this plight. (Id.) Plaintiff seeks monetary relief from the Defendants. (Id. at 11.)

## II. LEGAL STANDARD

A complaint or any portion thereof may be dismissed if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to

3

raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, courts afford a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson, 551 U.S. at 94; Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that courts have a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### III. DISCUSSION

*A. Sheriff Wilcher*

Plaintiff attempts to hold Sheriff Wilcher liable for the conditions in the Chatham County Detention Center by virtue of his

4

supervisory position over the jail.[2] "It is well established in this circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation and citation omitted). To hold Sheriff Wilcher liable, Plaintiff must demonstrate that Wilcher (1) actually participated in the alleged constitutional violation, or (2) there is a causal connection between the individual's actions and the alleged constitutional violation. See Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Plaintiff has not alleged either.

B. *Detective McCollunin*

It is unclear with what sort of constitutional violation Plaintiff charges McCollunin. "While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong." Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008). However, construing Plaintiff's allegations in the

---

[2] Plaintiff's allegations are framed in a way that characterize Sheriff Wilcher as a supervisor. He writes ". . . punishment I am subjected to on behalf of John Wilcher, Sheriff of Chatham County Detention Center . . . ." and " . . . I am subjected to here at Chatham County Sheriff's complex under the guidance of John Wilcher . . . ." (Compl. at 6-7.) He does not expand on how Sheriff Wilcher is responsible for the conditions in the jail.

5

most liberal fashion, they might hint at a claim for false arrest. "A claim for false arrest arises when an arrest occurs without a warrant and without probable cause." Jones v. Brown, 649 F. App'x 889, 890 (11th Cir. 2016) (citing Brown v. City of Huntsville, 608 F.3d 724, 734 (11th Cir. 2010)). However, Plaintiff has not alleged the absence of either probable cause or a warrant.

IV. CONCLUSION

For the reasons explained above, Plaintiff has failed to state any arguably viable claims in his pleadings. Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B), **IT IS HEREBY ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 25th day of April, 2022.

_____
UNITED STATES DISTRICT JUDGE

6